# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| MATTHEW STARNES, | Case No. 18-CV-618 (NEB/KMM) |
| Petitioner, | |
| v. | ORDER ON REPORT AND RECOMMENDATION |
| TOM ROY, | |
| Respondent. | |

This is a habeas action brought under 28 U.S.C. § 2254 by petitioner Matthew Starnes. [ECF No. 1.] The October 9, 2019 Report and Recommendation ("R&R") of United States Magistrate Judge Katherine Menendez recommends denying Starnes's petition. [ECF No. 17.] Starnes filed an objection to the R&R. [ECF No. 18.] The respondent, Tom Roy, responded to the objection by asking the Court to incorporate by reference his response to the petition. [ECF No. 19 (incorporating by reference ECF No. 9).] The Court has conducted a *de novo* review of the portions of the R&R to which Starnes objects. *See* 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2. Based on that review, the Court accepts the R&R.

## ANALYSIS

The facts and procedural posture of this case have been thoroughly laid out several times in this habeas action and at various stages of appeal. (*See State v. Starnes*, No. A16-

1028, 2017 WL 3013208, at *1–*2 (Minn. Ct. App. July 17, 2017); R&R at 1–5.) The Court will discuss the underlying facts as necessary below.

The Court understands[1] that Starnes objects to Judge Menendez's recommendation to dismiss grounds 1 and 2 of his petition. The Court reviewed those portions of the petition *de novo*. 28 U.S.C. § 636(b)(1).

A federal court is bound by laws governing habeas to "exercise only limited and deferential review of underlying state court decisions." *Jones v. Luebbers*, 359 F.3d 1005, 1011 (8th Cir. 2004). The state court must have adjudicated the decision on the merits. 28 U.S.C. § 2254(d). This Court will not grant relief unless the decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* (citations omitted).

A state court decision is contrary to clearly established Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by [the] Court on a question of law or . . . decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). A state court decision involves an unreasonable application of clearly established Supreme Court precedent "if

---

[1] The Court notes that Starnes's filings are not necessarily clear, but the Court has endeavored to construe them liberally. *Jackson v. Nixon*, 747 F.3d 537, 544 (8th Cir. 2014).

2

the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* Finally, a state court decision involves "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2), only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record. 28 U.S.C. § 2254(e)(1); *see Boyd v. Minnesota*, 274 F.3d 497, 501 n.4 (8th Cir. 2001) ("There is sufficient record evidence to support such a finding and, thus, it would not constitute an unreasonable determination of the facts in light of the evidence presented at trial.").

## I. Ground 1

Ground 1 of Starnes's petition claims due process violations because the trial court was (a) biased and (b) considered facts outside of evidence. It is undisputed that Starnes has properly exhausted both claims.

### A. *Judicial Bias*

In his supplemental pro se brief to the Minnesota Court of Appeals, Starnes argued that the trial court demonstrated bias when she considered her personal schedule when suggesting dates for a new trial. [ECF No. 8-3 at 6.] The Minnesota Court of Appeals addressed this issue along with Starnes's other arguments for judicial bias. *See Starnes*, 2017 WL 3013208, at*4–*6 ("Appellant [in his pro se supplemental brief] challenges the conviction, alleging improper bias against him and insufficient evidence, both of which

3

are addressed above."). Because the Court cannot identify the specific reasoning used by the Minnesota Court of Appeals, it must "determine what arguments or theories . . . could have supported the state court's decision; and then it must ask whether it is possible [a] fairminded jurist" could find that reasoning was inconsistent with prior Supreme Court decisions. *Sexton v. Beaudreaux*, 138 S. Ct. 2555, 2558 (2018) (citation omitted). If the state court decision is not inconsistent, then this Court must deny the petition. *Id.*

The Minnesota Court of Appeals determined that there was no demonstrable bias in this case. *Starnes*, 2017 WL 3013208, at *5. This determination can be supported by the "presumption that a judge has discharged his or her judicial duties properly." *Id.* (quoting *State v. Mems*, 708 N.W.2d 526, 533 (Minn. 2006)). The Minnesota Court of Appeals did not apply this presumption inconsistently with any Supreme Court precedent. Thus, this Court must deny the petition on this ground.

### B. *Facts Outside of Evidence*

Starnes also claimed that the trial court improperly found facts outside of evidence. The Minnesota Court of Appeals determined that the trial court did not arrive at its finding of guilt based on facts outside of evidence because the record supported a finding of guilt. *Id.* at *5. It found that Starnes had not overcome the presumption that judges follow the law and "evidence was [not] considered for an improper purpose without a clear showing." *Id.* (quoting *State v. Burrell*, 772 N.W.2d 459, 467 (Minn. 2009)).

4

In his petition, Starnes reiterates the same arguments he made to the Court of Appeals and argues for a different result. This Court has reviewed the record and finds no grounds to hold that the Court of Appeals' decision is contrary to or an unreasonable application of clearly established law or an unreasonable determination of facts.

## II. Ground 2

Ground 2 of Starnes's petition claims that several of the trial court's findings of fact were clearly erroneous. The heart of this argument is that the trial court did not credit Starnes's testimony that Starnes stabbed the victim during an earlier fight because he was afraid for his life, and then unknown assailants attacked the victim sometime later. The trial court found Starnes's testimony was not credible and the testimony of the victim and an eyewitness was credible. Based on these credibility determinations, the trial court found Starnes guilty and found he had not met his burden to prove his self-defense claim. The Minnesota Court of Appeals found that even if the trial court's factual determinations were incorrect, they did not deprive Starnes of a fair trial because Starnes's own testimony was sufficient to support his conviction. *Starnes*, 2017 WL 3013208, at *3.

Under Section 2254, a petitioner is only entitled to relief if the finding of guilt was based on an unreasonable determination of facts. A "factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Burt v. Titlow*, 571 U.S. 12, 18 (2013) (citation omitted). When a trial court makes a credibility determination, Section 2254(d) "gives federal

habeas courts no license to redetermine [the] credibility of witnesses whose demeanor has been observed by the state trial court, but not by them." *Perry v. Kemna*, 356 F.3d 880, 885 (8th Cir. 2004) (quoting *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983)). Here, Starnes's argument that the trial court should have credited his testimony and should not have credited the testimony of the victim or eyewitness cannot provide habeas relief. The trial court observed the testimony of the three witnesses and made specific findings as to why certain witnesses were credible and why Starnes was not. There is no ground for this Court to redetermine these credibility findings.

Even if this Court questioned the trial court's credibility determination, Starnes must present clear and convincing evidence that the trial court's determination was unreasonable based on the record. *See Grass v. Reitz*, 749 F.3d 738, 744 (8th Cir. 2014). Here, Starnes points to some facts that he argues are inconsistent with the trial court's summary of the case. These factual inconsistencies are not clear and convincing evidence that the trial court's determination of credibility is unreasonable, and do not warrant habeas relief.

The habeas statute "makes no distinction between the factual determinations of a state trial court and those of a state appellate court." *Smulls v. Roper*, 535 F.3d 853, 864 (8th Cir. 2008) (quoting *Sumner v. Mata*, 449 U.S. 539, 546 (1981)). Thus, the Minnesota Court of Appeal's factual determinations are owed the same presumption of correctness. *See id.* at 864–65. Here, the appellate court determined that any potentially erroneous findings

6

of fact were not necessary to finding Starnes guilty because his own testimony was sufficient proof of guilt. *Starnes*, 2017 WL 3013208, at *3 ("Any error here is immaterial because, as appellant's testimony makes clear, there is no doubt that appellant was involved in the attack and, in fact, appellant admitted to stabbing [the victim]."). This Court has reviewed the record and finds there is sufficient evidence in the record to support the Minnesota Court of Appeals' factual determination, and Starnes's petition is denied on this ground.

The parties do not object to any other aspect of the R&R. The Court determines whether the recommendations are clearly erroneous or contrary to law when no objection has been made. *See* Fed. R. Crim. P. 59; *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam). Having reviewed those portions of the R&R to which the parties have not objected, the Court finds no clear error.

**CONCLUSION**

Based on all the files, records, and proceedings herein, the Court OVERRULES the petitioner's objections [ECF No. 18] and ACCEPTS the R&R [ECF No. 17]. Accordingly, IT IS HEREBY ORDERED THAT:

1. Petitioner's habeas corpus petition under 28 U.S.C. § 2254 [ECF No. 1] is DENIED;

2. This action is DISMISSED WITH PREJUDICE; and

3. No certificate of appealability is granted.

7

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: February 24, 2020

BY THE COURT:

s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge